SAMUEL K. KAIN, APPELLANT, v. MORRIS S. COBLE, RESPONDENT.

SAMUEL K. KAIN, RESPONDENT, v. HELEN B. AMES, APPELLANT.

Submitted October 2, 1944—Decided January 2, 1945.

Before Justices PARKER and COLIE.

For the appellant-respondent Kain, *Alfred D. Antonio.*

For the appellant Ames, *Harry Spitzer.*

For the respondent Coble, *David T. Wilentz.*

The opinion of the court was delivered by

PARKER, J.   These two cases arise out of the same state of facts, were tried together in the District Court and were submitted together in this court; there being no oral argument.   The question is entirely one of law and, stated shortly, is whether an oil burner that was installed in a house by defendant Coble when he was a tenant and which, after vacating the premises, he disconnected and removed, was personal property or, on the contrary, was in contemplation of law a part of the realty.   The trial court seems to have ruled that it was personal property, and based on that ruling awarded judgment in the first case above entitled in favor of the defendant Coble.

Mrs. Ames, the defendant in the second suit, was the holder of a mortgage on the property in 1927 when Coble, dissatisfied with the existing heating plant, installed a complete oil plant consisting of an outside tank, pipe connection into the cellar, and oil burner in the cellar.   She foreclosed her mortgage in 1933 and purchased the property at sheriff's sale in August of that year, Coble still being in occupancy of the premises and becoming her tenant therein.   This situation continued for about eight years until 1941 when Coble, being dissatisfied with the burner which was part of the oil plant, disconnected it and installed a new oil burner in connection with the rest of the oil plant.   It was claimed that he left the old oil burner in the basement, but we fail to see that this is material to a decision.   In March, 1943, Coble being still a tenant of the premises, Mrs. Ames conveyed to the plaintiff Kain with warranty.   Coble continued as tenant until about September 1st of that year when he vacated the premises, but a very few days later he entered the premises and disconnected and removed the second oil burner that was part of the oil plant.   This action gave rise to the present suits, No. 412 being the suit of Kain, who purchased from Mrs. Ames, against Coble for damages for removing the oil burner on the theory that it was part of the realty; No. 413 being the suit of Kain against Mrs. Ames, based on the warranty in her deed, and claiming damages on the theory that the removal of the oil burner by Coble was conceivably legal

and that Mrs. Ames was liable on her warranty because of that removal. The cases were tried together and the trial court seems to have held that the oil burner was personalty, that Coble rightfully removed it, and that because of this Mrs. Ames was liable on her warranty. Accordingly, there was a judgment for the defendant in the case against Coble and a judgment in favor of Kain in his suit against Mrs. Ames on her warranty.

We conclude that both judgments were erroneous. It seems to us indubitable that when in 1927 Coble, who was then owner of the fee subject to his mortgage, removed the coal furnace and substituted the oil plant, that oil plant became part of the realty and thereby subject to the mortgage; that the oil burner was an essential part of the oil plant; and that when, after Coble had lost his title and became a tenant, he tore out the original oil burner and substituted a new one, this made no change in the legal situation. *Erdman* v. *Moore*, 58 *N. J. L.* 445; *Cunningham* v. *Seaboard Realty Co.*, 67 *N. J. Eq.* 210.

The judgment in each of the two cases under consideration will be reversed; and in No. 412, the case of Kain *v.* Coble, judgment will be entered in this court in favor of the plaintiff; and as the damages were apparently stipulated or conceded to amount to $155, judgment will be entered in favor of the appellant Kain against respondent Coble in No. 412 for that amount with interest from March 17th, 1944, besides costs. In the case of Kain against Ames judgment will be entered in this court in favor of the defendant Ames and against the plaintiff Kain, with costs.